IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GREGORY PAUL LAKE,

   Petitioner,

vs.           CIVIL ACTION NO.: CV208-127

WARDEN, Federal Satellite Low,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gregory Paul Lake ("Lake"), who is currently incarcerated at Federal Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government filed a Response, and Lake filed a Traverse. For the reasons which follow, Lake's petition should be **DENIED**.

## STATEMENT OF THE CASE

Lake was convicted in the United States District Court for the Northern District of Florida after a jury trial of: conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841 and 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Lake was sentenced to 310 months' incarceration, which later was modified to 160 months' imprisonment. Lake is projected for release on April 20, 2011, via good conduct time.

In the instant petition, Lake contends he is ineligible for the one year reduction for successful completion of the Bureau of Prisons' Residential Drug Abuse Program based

on his conviction for being a convicted felon in possession of a firearm. Lake asserts that the Bureau of Prisons' implementing regulation was promulgated in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

Respondent avers that this Court should defer to the Bureau of Prisons' determination and application of the eligibility criteria for early release. Accordingly, Respondent asserts, Lake's petition should be denied.

## DISCUSSION AND CITATION TO AUTHORITY

18 U.S.C. § 3621(b) requires that the Bureau of Prisons "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the Bureau of Prisons has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes a Residential Drug Abuse Program during his current confinement. 18 U.S.C. § 3621(e)(2)(B). Regulations implementing this provision subsequently excluded inmates who committed a felony involving the possession of a firearm from the early release incentive. The applicable regulation provides that "inmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are not eligible for early release. 28 C.F.R. § 550.58(a)(1)(vi)(B). The Bureau of Prisons' Program Statement implementing this regulation lists the offenses that preclude an inmate's receiving the early release incentive, including possession of a firearm during the commission of the felony offense. Program Statement 5162.04 §7. The Eleventh Circuit Court of Appeals has determined that the Bureau of Prisons' decision that §

922(g) convictions are not "nonviolent offenses" within the meaning of section 3621(e)(2)(B) is a reasonable interpretation of this statute. Cook v. Wiley, 208 F.3d 1314, 1321-22 (11th Cir. 2000). Under the applicable law, "[n]othing more is required." Id. at 1322.

To the extent Lake contends that the Bureau of Prisons "was required to comply with the notice and comment requirements with regard to Program Statement 5162.04," his claim is without merit. "[This] [P]rogram [S]tatement merely clarifies and explains the statutory language and is thus an 'interpretive rule' that is not subject to the notice and comment requirements" of the Administrative Procedures Act. Thomas v. Middlebrooks, 2006 WL 3020825, *4 (N.D. Fla. Oct. 19, 2006) (citing 5 U.S.C. § 553(b)(3)(A)[1] and Cook, 208 F.3d at 1317).

The undersigned notes Lake's reliance on the recent decision of Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). In Arrington, the Ninth Circuit Court of Appeals found that the Bureau of Prisons' promulgation of 28 C.F.R. § 550.58(a)(1)(vi)(B) was invalid because the reason for this regulation, as found in the administrative record, was arbitrary and capricious, in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)[2]. Arrington, 516 F.3d at 1116. However, "no court outside the Ninth Circuit

---

[1] "General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include . . . either the terms or substance of the proposed rule or a description of the subjects and issues involved. Except when notice or hearing is required by statute, this subsection does not apply to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice[.]" 5 U.S.C. § 553(b)(3)(A).

[2] "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A).

has followed Arrington, and most courts have rejected" that case. Ables v. Eichenlaub, 2009 WL 722287, at *7 (N.D. Fla. March 18, 2009) (collecting cases). This Court should follow suit and reject the Arrington decision.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lake's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE